**UNITED STATES COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**TOM MAHONEY, individually and on behalf of a class,**

**Plaintiff,**

**CASE NO.:**

**v.**

**Class Action**
**Jury Demanded**

**DYNAMIC RECOVERY SOLUTIONS, LLC**

**Defendant.**

_______________________________/

**PLAINTIFF TOM MAHONEY'S CLASS ACTION COMPLAINT**

Tom Mahoney ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). He is also suing under the Florida Consumer Collection Practices Act, sections 559.55, et seq., Florida Statutes (hereafter "**FCCPA**") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("**FDCPA**")

**1. Background**

1.1. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission ("FCC").[1]

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

1.2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them.  Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

1.3. Beginning on February 13, 2019 Dynamic Recovery Solutions, Inc. ("**Defendant**") called Plaintiff's cell phone using a prerecorded voice.

1.4. The calls were also made with an automatic telephone dialing system ("ATDS").

1.5. Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA.

1.6. This is the exact scenarios Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

1.7. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because illegal debt collection campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received the illegal calls from Defendant.

1.8. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telephone calls and illegal debt collection calls and is consistent both with the private right

of action afforded by the TCPA, the FDCPA and the FCCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## 2. Parties

2.1. Plaintiff is a resident of this District. The calls were received in this District.

2.2. Defendant is a limited liability company that conducts business in the State of Florida. Defendant is engaged in the business of collecting consumer debts in the Middle District of Florida. The principal purpose of Defendant's business is the collection of consumer debts. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

2.3. Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes and under the FDCPA.

2.4. Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number (239) 898-4040 ("**Plaintiff's Telephone Number**").

2.5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## 3. Jurisdiction and Venue

3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). This Court also has federal subject matter jurisdiction over the FDCPA claims pursuant to 15 U.S.C. § 1692k(d).

3.2. Supplemental jurisdiction exits pursuant to 28 U.S.C. § 1367.

3.3. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls to a resident of this District.

**4. Article III Standing**

4.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016).

4.2. Plaintiff was harmed by Defendant's actions of calling his cell phone while his number was on the Do Not Call Registry, without consent in the following manners:

4.2.1. Plaintiff's privacy was invaded by Defendant;

4.2.2. Plaintiff was harassed and abused by Defendant's telephone calls;

4.2.3. Defendant's calls were a nuisance to Plaintiff;

4.2.4. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

4.2.5. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

4.2.6. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

4.2.7. Defendant's seizure of Plaintiff's telephone line was intrusive; and

4.2.8. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

4.3. Plaintiff has Article III standing for his claim under the FDCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). By not being provided the required information and by being subjected to the illegal acts of Defendant, Plaintiff suffered the following injuries:

4.3.1. An informational harm (lack of receipt of creditor/debt information) the FDCPA was designed to protect and provide;

4.3.2. Anxiety and distress as a result of not receiving the required written notice;

4.3.3. Plaintiff has not been afforded the opportunity to challenge the creditor's debt information;

4.3.4. Plaintiff was exposed to a real risk of financial harm by being potentially coerced into paying a debt which he did not owe. The lack of information provided by Defendant caused this risk of financial harm; and

4.3.5. Plaintiff's right to information is a substantive right not merely procedural.

**5. The Telephone Consumer Protection Act**

5.1. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

5.2. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

5.3. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

**6. The Fair Debt Consumer Protection Act.**

6.1. The FDCPA's purpose is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Because "Congress clearly intended the FDCPA to have a broad remedial scope," the FDCPA "should therefore be construed broadly and in favor of the consumer."

6.2. To state an FDCPA claim, a plaintiff must show: "(1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA,"

6.3. The FDCPA is a strict liability statute that creates specific requirements debt collectors must follow, in which a single violation is sufficient to establish liability.

6.4. The FDCPA does not allow a debt collector to not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S. C. § 1692e.

**7. Florida Consumer Collection Practices Act**

7.1. The FCCPA was enacted to protect Florida residents from abusive debt collection practices. It prevents certain abusive debt collection practices.

7.2. The FCCPA does not allow a debt collector to use a communication that simulates in any manner legal or judicial process. 559.72 (10).

**8. Factual Allegations; Defendant placed prerecorded calls to the Plaintiff**

8.1. Plaintiff is the owner of and user of Plaintiff's Telephone Number which is a cellular number.

8.2. Each of the telephone calls referenced below was made to Plaintiff's Telephone Number. None of the calls at issue were placed by Defendant to Plaintiff's phone number for "emergency purposes."

8.3. Beginning on February 13, 2019 Plaintiff began receiving telephone calls directly from Defendant.

8.4. The telephone calls were made with an ATDS and a prerecorded message was played during the telephone calls.

8.5. The prerecorded message stated:

8.5.1. "This message is for … Shawn …Mahoney. I received an order in my office today to complete an order of process for several big mattes you are currently being investigated for. I will be verifying your current address and place of employment today. In the meantime, it is your responsibility … and legal right to contact your plaintiff prior to being served. Their number is 573-227-5238. Make reference to case number 78541. Failure to comply will result in the forfeiture of your right to dispute this matter and a claim will be filed against you in your local county."

8.6. All of the calls were willful and knowing violations of the TCPA.

8.7. Plaintiff received multiple from Defendant each playing the same prerecorded message.

9. **Class Action Allegations**

9.1. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States and on behalf of a class of all other persons or entities similarly situated throughout the State of Florida.

9.2. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as:

9.2.1. All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

9.3. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as

9.3.1. All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made a telephone call and played substantially the same message as received by Plaintiff (b) at any time in the period that begins one years before the date of the filing of this Complaint to trial.

9.4. The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as

9.4.1. All persons in the State of Florida to whom: (a) Defendant and/or a third party acting on their behalf, made a telephone call and played substantially the same message as received by Plaintiff (b) at any time in the period that begins two years before the date of the filing of this Complaint to trial.

9.5. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

9.6. The classes as defined above are identifiable through phone records and phone number databases.

9.7. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of calls that he received, that the classes are so numerous that individual joinder would be impracticable. The potential class members number at least in the hundreds or thousands.

9.8. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights. Plaintiff and all members of the proposed class have been harmed by the illegal debt collection practices.

9.9. Plaintiff is a member of the classes.

9.10. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

9.10.1. Whether Defendant violated the TCPA by making calls with a prerecorded message to a cellular phone;

9.10.2. Whether Defendant or its agents, within the four years before the filing of this Complaint, made one or more one calls to a recipient's cell phone with the use of a prerecorded message.

9.10.3. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

9.10.4. Whether Plaintiff and the class members were the subject of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

9.10.5. Whether Plaintiff and the class members are entitled to statutory damages under the FDCPA.

9.10.6. Whether Plaintiff and the class members are entitled to statutory damages under the FCCPA.

9.10.7. Whether Plaintiff and the class members were subject to a communication that simulates in any manner legal or judicial process.

9.11. Plaintiff's claims are typical of the claims of class members.

9.12. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

9.13. The actions of Defendant are generally applicable to the classes as a whole and to Plaintiff.

9.14. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

9.15. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

9.16. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

9.17. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**10. Count One: Violation of the TCPA's ATDS provisions**

10.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

10.2. The Defendant violated the TCPA by initiating telephone calls to cell phone numbers with the use of a prerecorded message without the called party's consent.

10.3. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with Plaintiff.

10.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

10.4.1. That Defendant be restrained from engaging in future violations of the TCPA.

10.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

10.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

10.4.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

10.4.5. That the Plaintiff recover his attorneys' fees and costs.

10.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances

**11. Count Two: Violation of the FDCPA**

11.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

11.2. The Defendant's violation of the FDCPA includes, but is not limited to the following:

    11.2.1. In violation of 15 U.S. C. § 1692e Defendant used false, deceptive, or misleading representation or means in connection with the collection of any debt.

11.3. Under 15 USC § 1692k, the Defendant's violation of the FDCPA render it liable to Plaintiff and the Class members for statutory damages, costs, and reasonable attorney's fees.

11.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

11.4.1. That Defendant be restrained from engaging in future violations of the FDCPA.

11.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

11.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

11.4.4. That the Plaintiff and all class members be awarded statutory damages for each violation as provided by the law.

11.4.5. That the Plaintiff recover his attorneys' fees and costs.

11.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances

**12. Count Three: Violation of the FCCPA**

12.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

12.2.   The Defendant's violation of the FCCPA includes, but is not limited to the following:

12.2.1. In violation of 559.72 (10) Defendant used a communication that simulates in any manner legal or judicial process.

12.3.   Under the FCCPA, the Defendant's violation of the FCCPA render it liable to Plaintiff and the Class members for statutory damages, costs, and reasonable attorney's fees.

12.4.   Relief Sought: For himself and all class members, Plaintiff requests the following relief:

12.4.1. That Defendant be restrained from engaging in future violations of the FCCPA.

12.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

12.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

12.4.4. That the Plaintiff and all class members be awarded statutory damages as provided by the law.

12.4.5. That the Plaintiff recover his attorneys' fees and costs.

12.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances

**13. Jury Demand**

13.1. Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated this 29th day of March, 2019.

Respectfully submitted,

**By:** ______________________

Brandon J. Hill
Florida Bar Number: 37061
**Wenzel Fenton Cabassa, PA.**
1110 North Florida Ave.,
Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**